# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL A. DAVIS, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUPERINTENDENT WRIGLEY, )<br>)<br>Respondent. ) | No. 1:09-cv-501-LJM-TAB |

## Entry Discussing Petition for Writ of Habeas Corpus

In a prison disciplinary proceeding identified as No. NCA 09-01-001, Michael A. Davis ("Davis") was found guilty of trafficking and was sanctioned. Davis challenges the validity of that proceeding in this action for habeas corpus relief. The respondent seeks dismissal of the action, arguing that Davis was not sanctioned in a fashion which placed him "in custody" in relation to the challenged proceeding.

The respondent's argument has merit. Davis was sanctioned with a) a written reprimand, b) a 30-day loss of commissary and phone privileges, and c) 14 days in disciplinary segregation. None of these sanctions affect the fact or anticipated duration of Davis' confinement, and thus none is sufficient to enable Davis to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Virsnieks v. Smith,* 521 F.3d 707, 717-18 (7th Cir. 2008); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644. The recommendation that Davis be demoted from Credit Class I to Credit Class II was not approved. Therefore, there was no deprivation of credit time or a credit class demotion and Davis is not in custody pursuant to the challenged disciplinary proceeding. Davis' argument otherwise is based on his speculation that he would have earned additional good time had it not been for this incident, but due process protections do not attach to "action that merely might affect the duration of the sentence." *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir. 1996). *Higgason* recognizes that the opportunity to earn good time credits will not "inevitably affect the duration of the sentence," and hence the denial of such opportunity does not infringe on a protected liberty interest. 83 F.3d at 810.

On the basis of the foregoing, therefore, the respondent's motion to dismiss (dkt 9) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/26/2009

*/s/ Larry J. McKinney*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana